# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: | ) |
| | ) |
| MICHAEL HORNBACK | )  CASE NO. 20-10794 |
| | ) |
| | ) |
| Debtor(s) | ) |

## MEMORANDUM-OPINION

This matter is before the Court on the Amended Motion for Relief from Stay to Proceed with Federal Litigation Seeking Injunctive Relief filed by Movants, Polylok, Inc. and Peter Gavin and Michael N. Delgass, as trustees of the Peter Gavin Spray Trust (collectively referred to herein as "Polylok"), seeking relief from the automatic stay of 11 U.S.C. § 362, to continue its litigation against Debtor Michael Hornback ("Debtor"), pending in the United States District Court for the Western District of Kentucky, Louisville Division, Civil Action No. 3:12-CV-535CHB-CHL (referred to herein as the "District Court Action"). The Court reviewed Polylok's Amended Motion for Relief from Stay, the Objection to Polylok's Amended Motion filed by the Debtor, the Reply of Polylok to the Debtor's Objection, as well as the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **GRANT** Polylok's Amended Motion for Relief from Stay.

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

Venue is proper here under 28 U.S.C. §§ 1408 and 1409.

**PROCEDURAL AND FACTUAL BACKGROUND**

On October 7, 2020, Debtor filed his Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code in this Court. On Schedule E/F to his Petition, Debtor listed Polylok as a general unsecured creditor with a claim in the amount of $433,000.

Prior to the filing of Debtor's Chapter 7 Petition, Polylok had filed suit against Debtor and his companies in the District Court on August 29, 2012. The District Court Action included claims by Polylok against Debtor for breach of contract, unjust enrichment and unfair competition, as well as inducement of patent infringement, unjust enrichment and unfair competition against Debtor's various companies, and patent infringement and unfair competition against a company with whom Debtor did business, Bear Onsite LLC.

The specific claims raised against the Debtor by Polylok included allegations that Debtor violated a non-compete covenant in an Asset Purchase Agreement entered into by Polylok and Debtor's former company, Bluegrass Environmental Septic Technology, LLC ("BEST") by which Polylok purchased BEST's assets. The non-compete covenant prohibited Debtor from owning, operating, or being employed by any business which manufactured or sold effluent septic filters for a five year period. Polylok claimed that Debtor violated the terms of the non-compete covenant by continuing to manufacture, market and sell effluent filters through several companies owned by the Debtor and that the Debtor manufactured filters for Bear Onsite LLC, who sold the filters as their own products.

Following extensive litigation in the District Court Action, on March 9, 2017, the District Court entered summary judgment in Polylok's favor finding that Debtor violated the non-compete covenant of the Asset Purchase Agreement. The District Court specifically determined that the non-

compete covenant was intended to prevent the Debtor and other members of BEST from competing with Polylok by either selling or manufacturing effluent septic filters and that based on its findings, Debtor had admitted to manufacturing competing filters and had therefore violated the terms of the non-compete covenant.

On September 4, 2020, one month before the Voluntary Petition was filed, Polylok filed a Motion for Judgment of Injunction against the Debtor seeking, solely, entry of a five year injunction against Debtor in lieu of a monetary judgment (referred to herein as the "Injunction Motion") contending it is the only way it can be made whole due to Debtor's breach of the non-compete covenant.

On October 20, 2020, following the filing of the Debtor's Petition, the District Court entered an Order staying the District Court Action pending resolution of the bankruptcy proceeding before this Court.  It also denied the Injunction Motion without prejudice.

## **LEGAL ANALYSIS**

Polylok seeks an Order permitting it to proceed in the District Court Action on its Injunction Motion seeking a judgment against the Debtor, ". . . in the form of an injunction, in lieu of money damages, specifically enforcing the five-year covenant not to compete as the parties originally agreed." *See* Exhibit 4 to Motion for Stay Relief, p. 1.  The District Court had previously granted summary judgment in favor of Polylok and determined Debtor had violated the terms of the non-compete covenant executed between the parties based upon Debtor's admission that he manufactured competing filters for a company he was employed by named Bear Onsite LLC.  The District Court's Judgment determined liability only in Polylok's favor, but did not award or determine damages.

This Court may grant relief from the automatic stay for "cause." 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not specify what constitutes "cause" to grant relief from the stay. It is clear, however, that the granting of relief from the automatic stay is left to the sound discretion of the Bankruptcy Court and decided on a case by case basis. *Garzoni v. K-Mart Corp. (In re Garzoni)*, 35 Fed. Appx. 179, 2002 WL 962154 (6th Cir. 2002); *In re Laguna Associates, Ltd. Partnership*, 30 F.3d 734, 737 (6th Cir. 1994). Considerations of the Bankruptcy Court include: (1) judicial economy; (2) trial readiness; (3) the resolution of preliminary bankruptcy issues; (4) the creditor's chance of success on the merits; and (5) the cost of defense or other potential burdens of the bankruptcy estate and the impact of the litigation on the creditors. *In re Garzoni*, 35 Fed. Appx. at 181. When these factors are considered, primarily the length of time the District Court Action has been pending and the brief time that this Bankruptcy Court has been pending, it is in the best interest of judicial economy and the other factors for the Injunction Motion to be heard by the District Court.

While each of the *Garzoni* factors weigh in favor of the granting of stay relief given the posture of the District Court case prior to the Bankruptcy filing, the Court believes the "resolution of preliminary bankruptcy issues" requires some explanation by this Court. Resolving issues relating to "claims" against the estate is among the principal functions of the Bankruptcy Court. To date, the Chapter 7 Trustee appointed in this case has not determined whether there are any assets to be distributed to creditors. This asset review process can be quite brief or in some cases span into years, depending upon the complexity of the assets. The question of whether an entity such as Polylok holds a claim (and is therefore a creditor) against the bankruptcy estate is generally decided IF assets are discovered and recovered and available for distribution to creditors with allowed claims. A claim filed against an estate where assets are undetermined is generally ignored until there

is something to distribute. If this Court were to deny stay relief for the parties to litigate their disputes before the District Court while awaiting claims adjudication, this case could continue with little progress for an extended period of time.

Further, determining whether Polylok holds a "claim" would require a decision on the merits of the nature of the claim for relief sought by Polylok in the Injunction Motion. There is extensive case authority suggesting that the relief requested by Polylok is equitable and thus not a claim. *See, e.g.*, *Kennedy v. Medicap Pharmacies, Inc. (In re Kennedy)*, 267 F.3d 493 (6th Cir. 2001). The Debtor contends the relief sought by Polylok is a pre-petition "claim" as defined by the Bankruptcy Code in 11 U.S.C. § 101(5)(b), which is dischargeable in bankruptcy and therefore, a matter well within this Court's jurisdiction. This Court believes that given the time invested by the parties and the District Court on this matter prior to the filing of the Bankruptcy Petition and the posture of the case at the District Court clearly mitigates toward a modification of the automatic stay in order for the District Court to complete the litigation between the parties. The factors of judicial economy, trial readiness, the resolution of preliminary bankruptcy issues, the creditor's chance of success on the merits and the cost of defense and other potential burdens of the bankruptcy and the impact of the litigation on the creditors are all satisfied in this case. Once the District Court makes its decision on the merits of the matters before it, if there is a "claim" by Polylok against this estate, this Court stands ready to resolve whatever dispute still exists.

The Debtor's concerns as to whether the Injunction Motion is appropriate, considering that the non-compete covenant expired before the Motion was filed, as well as whether the terms of the non-compete covenant are in accordance with Wisconsin law, are all issues that are more appropriately decided by the District Court, rather than this Court.

The District Court's Order stayed the entire District Court Action which involved several other non-Debtor Defendants. The Court sees no reason for the stay to remain in effect against the non-Debtor Defendants, especially when the stay is being lifted as to the Debtor herein.

## CONCLUSION

For all of the above reasons, the Court will **GRANT** the Amended Motion of Polylok for Relief from Stay to Proceed with Federal Litigation seeking Injunctive Relief against Debtor Michael Hornback pending in the District Court Action. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: March 18, 2021

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL HORNBACK | ) | CASE NO. 20-10794 |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Amended Motion for Relief from Stay to Proceed with Federal Litigation Seeking Injunctive Relief filed by Polylok, Inc. and Peter Gavin and Michael N. Delgass, as Trustees of The Peter Gavin Spray Trust, be and hereby is, **GRANTED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: March 18, 2021